DOWNEY BRAND LLP
MICHAEL J. THOMAS (Bar No. 172326)
mthomas@downeybrand.com
THOMAS A. GHERINI (Bar No. 352671)
tgherini@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Plaintiff MR. ROOF AND SOLAR, INC. dba AMERICAN EAGLE ROOFING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MR. ROOF AND SOLAR, INC. dba AMERICAN EAGLE ROOFING, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SEQUOIA ROOFING AND CONSTRUCTION, a California corporation; TYLER ANDERSON, an individual; ROBERT WILLIAMS, an individual,<br><br>Defendants. | Case No. 2:25-cv-00510-AC<br><br>[**PROPOSED**] ORDER GRANTING MOTION TO DISMISS<br><br>Judge:    Hon. Allison Claire<br>Date:    May 28, 2025<br>Time:    10:00 a.m.<br>Crtrm.:    26 |
| AND RELATED COUNTER-CLAIMS | |

Mr. Roof and Solar, Inc. dba American Eagle Roofing's Motion to Dismiss came on for hearing before this Court on May 28, 2025, at 10:00 a.m. After full consideration of the matter, this Court rules as follows:

### I.    BACKGROUND

According to the allegations in the pleadings, American Eagle is a construction business that provides construction services in Northern California. *See* Complaint (Doc. No. 1), ¶ 10 and Prayer for Relief. Defendants Anderson and Williams were previously employed by American Eagle as construction sales representatives, where they became familiar with Plaintiff's copyright-

protected construction contract. *Id*. at ¶¶ 2, 5-6, 12.

In 2023, Anderson and Williams resigned from American Eagle, and were subsequently hired by Sequoia, a direct competitor of American Eagle. *Id*. at ¶ 12. Soon thereafter, American Eagle discovered that following Sequoia's hiring of Anderson and Williams, Sequoia had begun using construction contracts that copied verbatim substantial portions of American Eagle's original contract language, including the language, formatting, and organization of terms. *Id*. at ¶¶ 13-14. Following a side-by-side comparison, American Eagle found that Sequoia's contract had taken verbatim language in key sections from its contract, adopted identical clause structures, and replicated specific phrases and formatting unique to Plaintiff's original work. *Id*. at ¶ 15.

American Eagle filed a complaint in this Court, asserting a single claim of copyright infringement under 17 U.S.C. § 101, et seq., against Sequoia, Anderson, and Williams. *Id*. at ¶¶ 21-24. As a cause of action arising under federal law, the District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

On March 28, 2025, Defendants filed an answer to American Eagle's complaint, denying the majority of American Eagle's allegations. But in addition to the Answer, Williams separately filed three claims against American Eagle: (1) breach of his employment contract with American Eagle; (2) failure to pay wages earned under California Labor Code §§ 200 et. seq., and (2) Waiting Time Penalties under California Labor Code § 203. Answer and Counterclaims (Doc. No. 8), ¶¶ 11-26. Distilled down, Williams's three claims arose from a contention that American Eagle had failed to pay wages/commissions owed to Williams under his employment contract throughout his employment relationship and upon the termination of his employment, as provided for in the Salesperson Agreement attached as Exhibit A to Williams's Answer and Counterclaim. *Id*. at ¶¶ 7-9; *see also id.*, Ex. A. Notably, Williams's counterclaims made no reference to the facts alleged in American Eagle's complaint about the separate copyright protected construction contract or his employment by Sequoia and instead focused entirely on transgressions that he claimed occurred during his employment and pertained to his wholly separate employment contract. *Id*. at ¶ 10.

Williams's counterclaim includes only a conclusory statement of jurisdiction for his

counterclaims, which reads in full: "This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367." *Id*. at ¶ 5.

## II. MOTION TO DISMISS

American Eagle moves to dismiss the counterclaims on the ground that the Court lacks jurisdiction over the counterclaims.

### A. Legal Standard – Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge a federal court's jurisdiction over the subject matter of a claim. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a facial attack like the present motion, "the challenger asserts that the allegations contained in a [pleading] are insufficient on their face to invoke federal jurisdiction." *Id.* A party making a facial attack does not submit supporting evidence with the motion because jurisdiction is challenged based solely on the pleadings. *Howard Jarvis Taxpayers Ass'n v. California Secure Choice Retirement Savings Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020); *see also Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1084 (N.D. Cal. 2019) ("[C]ourts do not consider evidence outside the pleadings when deciding a facial attack.") (citation omitted). In a facial attack on subject matter jurisdiction, the district court applies the *Iqbal* standard to determine if the complaint or counterclaim alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

"Subject matter jurisdiction defines the Court's authority to hear a given type of case." *U.S. v. Morton*, 467 U.S. 822, 828 (1984). "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). The burden of establishing that a cause of action

falls within a federal district court's limited jurisdiction "rests upon the party asserting jurisdiction" – here, on Williams. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

### B. Analysis of Motion to Dismiss

Defendant and Counterclaimant Robert Williams has not met his burden to establish that this Court has subject matter jurisdiction over his counterclaims. The Court finds that it does not have original subject matter jurisdiction over Mr. Williams' claims for (1) Breach of Contract, (2) Failure to Pay Earned Wages under California Labor Code §§ 220 et seq., or (3) Waiting Time Penalties under California Labor Code § 203. The Court also finds that it does not have subject matter jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1367(a). The pleadings do not establish that Defendant's counterclaims form a part of the same case or controversy as Plaintiff's claim for Copyright Infringement under 17 U.S.C. § 101 et seq., as Defendant Robert Williams has failed to establish that his counterclaims and Plaintiff's claim are derived from a common nucleus of operative fact.

Even if the Court were to find that it could exercise supplemental jurisdiction over the counterclaims, it would decline to do so under 28 U.S.C. § 1367(c).

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Williams's counterclaims for (1) Breach of Contract, (2) Failure to Pay Earned Wages under California Labor Code §§ 220 et seq., and (3) Waiting Time Penalties under California Labor Code § 203 are DISMISSED.

DATED: April 21, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE